IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LUMINOSA TORRES, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:20-cv-00012 |
| | § | |
| CITY OF HIDALGO, | § | |
| | § | |
| *Defendant.* | § | JURY TRIAL DEMAND |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

LUMINOSA TORRES, Plaintiff, complains of and against the CITY OF HIDALGO, Defendant, and for cause of action, shows:

### I. INTRODUCTION

1.1   Defendant City of Hidalgo ("COH") discriminated against Plaintiff on the basis of her disability by failing to make reasonable workplace accommodations, using discriminatory employment policies and practices, retaliating against her, and ultimately terminating her employment, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* (hereinafter "ADA").

### II. JURISDICTION AND VENUE

2.1   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1337.

2.2   The federal claims in this action are authorized and instituted pursuant to 42 U.S.C. § 12117(a).

2.3    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

2.4    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

### III.    SERVICE INSTRUCTIONS

3.1    Plaintiff Luminosa Torres is a resident of Hidalgo County, Texas.

3.2    Defendant COH is an incorporated city in Hidalgo County, Texas and a unit of local government.  Process may be served upon COH's City Secretary, Denise Elliff, at 704 E. Ramon Ayala Dr., Hidalgo, Texas 78557.

### IV.    PARTIES

4.1    Ms. Torres is a person with a disability.  Ms. Torres has physical and mental conditions including, but not limited to, inflammatory polyarthropathy, Hashimotos' thyroditis, severe knee oseteoarthritis, osteoporosis, pre-diabetes, hypertension, and possible sleep apnea with symptoms of fatigue, joint swelling, pain in hands, wrists, shoulders, neck, upper/lower back, hips, knees, ankles and feet, which are aggravated by her disabilty of morbid obesity.

4.2    Ms. Torres is a person with physical or mental impairments that substantially limit one or more major life activities, has a record of having said disability, and is regarded as having a disability within the meaning of the ADA, as amended, 42 U.S.C. § 12102.

4.3    As a result of her conditions Ms. Torres is substantially limited in major life activities including, but not limited to, walking, standing, bending, and lifting.

4.4    At all relevant times, Ms. Torres was a qualified individual because she was able to perform the essential functions of the job she held at COH, with or without reasonable accommodations.

4.5    Defendant COH is a covered entity as defined by the ADA, 42 U.S.C. § 12111(2).

4.6    At all relevant times, Defendant COH was an employer as defined by the ADA, 42 U.S.C. § 12111(5).

4.7    Whenever in this Original Petition it is alleged that Defendant COH committed any act or omission, it is meant that the Defendant COH's officers, directors, principals, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with full authorization, ratification or approval of Defendant COH or was done in the routine course and scope of employment of the Defendant COH's officers, directors, principals, vice-principals, agents, servants, or employees.

## V.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.1    Prior to filing this suit, Ms. Torres timely filed two charges of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). The first charge was filed on December 7, 2016 and was referred to the U.S. Department of Justice ('DOJ"), and the second charge was filed on October 25, 2018.

5.2    Ms. Torres received her right to sue notice for her second charge from the EEOC on October 21, 2019.  Ms. Torres received her right to sue notice for her first charge from the DOJ on January 14, 2020.  This lawsuit is timely filed within 90 days of both notices.

5.3     Ms. Torres has satisfied all administrative prerequisites to this suit and has exhausted all conditions precedent.

## VI.     STATEMENT OF FACTS

6.1     Ms. Torres worked at Defendant COH beginning in 2008.  Her position was custodian.

6.2     From 2008 until late July 2016, COH assigned Ms. Torres to work at the city library and courthouse.  These job assignments did not require work outdoors.

6.3     Ms. Torres made Defendant COH aware of her disability by requesting FMLA leave for joint pain treatments, which was approved from October 25, 2015 until November 20, 2015.

6.4     Beginning on August 2, 2016, COH assigned Ms. Torres to work at the courthouse and the Old Hidalgo Pumphouse. The job assignment at the Old Hidalgo Pumphouse required work outdoors. The Old Hidalgo Pumphouse is a nature park and is a part of the World Birding Center. The majority of the pumphouse building itself is an open-air building making it susceptible to higher temperatures.

6.5     On August 2 and September 2, 2016, Ms. Torres experienced heat exhaustion while working outdoors at the Old Hidalgo Pumphouse.  After the second episode, Ms. Torres' doctors prescribed her approximately four weeks off from work. Throughout this time, Ms. Torres was in communication with both Andres Flores, pumphouse Director, and Elida Carrasco, Courthouse Administrator, advising them of her need for time off, which they approved.

6.6     On October 3, 2016, Ms. Torres attempted to return to work and provided a doctor's note to COH that stated she could return to work, but that she was not to

perform physical labor in temperatures more than 85 degrees Fahrenheit and that her health did not allow her to stand or perform physical labor for more than 50 minutes without a 10-minute break.

6.7    Defendant COH did not engage in an interactive process in good faith to determine whether the requested accommodations were reasonable and would allow Ms. Torres to perform the essential functions of the job.  Instead, Luz Galindo, Director of Human Resources of COH, told Ms. Torres she could not return to work unless she was released to work without any medical restrictions.  Defendant COH placed Ms. Torres on involuntary FMLA leave beginning on October 24, 2016 and required her to exhaust her paid leave.

6.8    On December 7, 2016, Ms. Torres filed a charge of discrimination against COH with the EEOC, alleging discrimination on the basis of disability and retaliation, for COH's refusal to provide reasonable accommodations, requiring unnecessary medical information, and placing her on involuntary FMLA leave.

6.9    On January 13, 2017, COH advised Ms. Torres by letter that she was expected to return to work on January 16, 2017.  COH also stated that it would allow Ms. Torres the accommodations that they had originally refused – indoor work if over 85 degrees and 10-minute breaks each hour.

6.10   When Ms. Torres returned to work on January 16, 2017, Defendant COH assigned Ms. Torres to work half days at the courthouse on Mondays, Thursdays, and Fridays and full days at the pumphouse on Tuesdays and Wednesdays and provided the accommodations it had originally refused – indoor work if over 85 degrees and 10-minute breaks each hour.

6.11    Beginning in early January 2017, COH gradually increased the amount of time Ms. Torres was assigned to work at the Old Hidalgo Pumphouse. Galindo informed Ms. Torres of the change each time. By June 2017, Ms. Torres was working full-time at the pumphouse.

6.12    Temperatures in Hidalgo, Texas in June-September normally reach and exceed 85 degrees beginning around noon. This meant that Ms. Torres was not able to perform any outside work during the afternoons resulting in significantly diminished material responsibilities.

6.13    Melissa Sanchez worked at the pumphouse throughout the time Ms. Torres was assigned there. Sanchez was promoted to Director in June 2018 after Andres Flores resigned.

6.14    Sanchez subjected Ms. Torres to unjustified, increased scrutiny which resulted in her receiving four disciplinary reports between June 2017 and August 2018. Sanchez fired Ms. Torres on August 20, 2018 for "difficulty following City policies."

6.15    Ms. Torres was able to perform all of the essential functions of her job, with or without reasonable accommodations.

6.16    Upon information and belief, Ms. Torres' position at COH was replaced with another employee who did not have a disability.

### VII.    CAUSE OF ACTION - ADA

7.1    Ms. Torres incorporates each of the foregoing paragraphs as if fully set forth herein.

7.2    It is an unlawful employment practice for an employer to fail or refuse to make a reasonable workplace accommodation to a known physical or mental limitation of

an otherwise qualified individual with a disability who is an employee. 42 U.S.C. § 12112(b)(5); 29 C.F.R. § 1630.9.

7.3 Defendant COH violated the ADA by: (1) failing or refusing to make a reasonable accommodation to the known physical or mental limitations of Ms. Torres after receiving her request for a reasonable accommodation, in violation of Section 12112(b)(5) of the ADA; (2) placing Ms. Torres on unpaid, involuntary FMLA leave rather than providing reasonable accommodations, and later terminating her employment on the basis of her disability, in violation of Section 12112(a) of the ADA; and (3) retaliating against and interfering with Ms. Torres by placing her on FMLA leave and terminating her employment after Ms. Torres engaged in the protected activity of requesting a reasonable workplace accommodation, in violation of Section 12203(a) of the ADA.

7.4 Defendant COH also violated the ADA by utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability. *See* 42 U.S.C.§ 12112(b)(3). Defendant's policy of requiring employees to have no medical restrictions as a condition of employment violates the ADA because it allows Defendant to refuse employment to otherwise qualified employees with disabilities without consideration of whether they are able to perform the essential functions of a job with a reasonable accommodation. Defendant's policy violated the ADA as applied in this case because Defendant used it to deny Ms. Torres's request for a reasonable workplace accommodation and to place her on unpaid, involuntary FMLA leave.

7.5 Defendant's actions as described above were and are the direct and proximate causes of Ms. Torres' damages in this case.

7.6     As a result, Ms. Torres is entitled to an order making her whole, including an order awarding her back pay including interest on back pay, loss of benefits, actual and compensatory damages, reinstatement or front pay in lieu of reinstatement, as well as fees including reasonable attorney's fees, expenses, and costs.

## VIII.   DAMAGES

8.1     As a direct and proximate result of Defendant's violations of the ADA, Ms. Torres has suffered and continues to suffer damages in the form of lost employment, back pay and other benefits associated with such employment, pecuniary damages in the past and in the future, and non-pecuniary damages, including without limitation, mental anguish, emotional pain and suffering, inconvenience, and loss of enjoyment of life, in the past and in the future.

## IX.   PRAYER FOR RELIEF

WHEREFORE, Ms. Torres requests that this Court grant her the following relief:

a.  Enter a declaratory judgment that Defendant COH violated Ms. Torres' rights under the ADA;

b.  Grant an injunction prohibiting Defendant COH from requiring employees to have no medical restrictions in order to return to work;

c.  Place Plaintiff in a comparable position to the one she would have had absent the improper acts of the Defendant or front-pay in lieu of reinstatement;

d.  Award Plaintiff appropriate back-pay with prejudgment interest under the ADA;

    e.       Award Plaintiff compensatory damages for her past and future pecuniary and nonpecuniary losses under the ADA;

    f.       Award Plaintiff reasonable attorney's fees, expenses including litigation expenses, and costs from Defendants;

    g.       Enter a judgment in favor of Plaintiff; and

    h.       Grant Plaintiff such further and other relief as the Court deems necessary and proper.

Dated:  January 17, 2020

Respectfully Submitted,

TEXAS RIOGRANDE LEGAL AID, INC.

*/s/ Lisa Y. Guerra*
Lisa Y. Guerra
TX State Bar No. 24112407
S.D. Tex. No. 2506606
301 S. Texas Ave.
Mercedes, TX 78570
(956) 447-4803
(956) 825-7035/FAX

Lead Counsel for Plaintiff Luminosa Torres

*/s/ Kathryn J. Youker*
Kathryn J. Youker
TX State Bar No.: 24014928
S.D. Tex. No.: 33655
1206 E. Van Buren
Brownsville, Texas 78520
(956) 982-5540
(956) 541-1410/FAX

Co-counsel for Plaintiff Luminosa Torres