IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| LUMINOSA TORRES | § | CIVIL ACTION NO. |
| | § | |
| VS. | § | M – 20 – 12 |
| | § | |
| CITY OF HIDALGO | § | JURY REQUESTED |

## DEFENDANT CITY OF HIDALGO, TEXAS' MOTION FOR PARTIAL DISMISSAL

TO THE HONORABLE U.S. DISTRICT COURT:

Defendant **CITY HIDALGO, TEXAS** submits this Motion for Partial Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.

## SUMMARY OF MOTION

1.01    Plaintiff's Original Complaint alleges Defendant City of Hidalgo, Texas violated her rights under the Americans with Disabilities Act (ADA).  She alleges the City failed to make a reasonable accommodation for her alleged physical or mental limitations, retaliated against her for making that request, involuntarily placed her on FMLA leave because of her alleged disability, retaliated against her for engaging in a protected activity, and later terminated her.  She initially filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) complaining she was denied a reasonable accommodation and for retaliation through various discrete acts prior to September 2017.

She later filed a separate Charge of Discrimination alleging she was terminated in August 2018 as a result of discrimination and in retaliation for filing her original Charge.

1.02    Torres now complains she suffered discrimination and retaliation, at the latest, through September 2017, involving the matters about which she complained in her original Charge.  Any complaint under the ADA must be filed in federal court within two years of the day the cause of action accrued, however.  The matters alleged in Torres' original Charge therefore accrued, at the latest, by September 30, 2017.  Because she did not file the present action until January 27, 2020, any violations of the ADA that allegedly occurred prior to January 27, 2018 are now barred by limitations and should be dismissed.

## II.

## FACTUAL ALLEGATIONS

2.01    Plaintiff Torres alleges she was assigned to work at the City's Old Hidalgo Pumphouse on August 2, 2016, which included work outdoors.  Plntf's Orig. Cmplt., Dkt No. 1, ¶ 6.4.  After experiencing heat exhaustion on August 2 and September 2, 2016, she was allowed four weeks off from work.  *Id.*, ¶ 6.5.  When she attempted to return to work with restrictions, she was told she could not return until she could do so without restrictions, and she was continued on sick leave and FMLA leave.  *Id.*, ¶¶ 6.5-6.7.  She returned to work on January 16, 2017, and was allowed certain accommodations. *Id.*, ¶ 6.10.  Her time at the Pumphouse gradually increased until she was working full-time at the Pumphouse by June 2017.  *Id.*, ¶ 6.11.  She complains that from June – September temperatures normally exceed 85 degrees, so she could not work outside in the afternoons.  *Id.*, ¶ 6.12.

She filed her initial Charge of Discrimination on December 7, 2016, alleging disability discrimination, retaliation, refusal to provide reasonable accommodations, and placing her on involuntary FMLA leave. *Id.*, ¶ 6.8.

2.01   Plaintiff Torres further alleges that after Melissa Sanchez was promoted to Pumphouse Director in June 2018, she was subjected to "unjustified, increased scrutiny," resulting in four disciplinary reports between June 2017 and August 2018, and that she was fired on August 20, 2018. *Id.*, ¶¶ 6.13-6.14.  She filed her second Charge of Discrimination on October 25, 2018, alleging discrimination and retaliatory discharge. *Id.*, ¶ 5.1.

## III.

## LEGAL ANALYSIS

### A.   Standard of Review for Motion to Dismiss for Failure to State a Claim

3.01   Before an Answer has been filed, the proper mechanism for challenging the claims made is through Rule 12(b)(6).  At this stage, the Court must limit its inquiry "to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Wilson v. Birnberg,* 667 F.3d 591, 600 (5th Cir. 2012).  In ruling on a Rule 12(b)(6) motion, the Court must accept as true all of the Plaintiffs' well-pled allegations. "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 US 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

3.02    The Court need not accept at face value any factually unsupported legal conclusions, however.  *Fernandez-Montezv. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").  *See also Vulcan Materials Co. v. City of Tehuacana,* 238 F.3d 382, 387 (5th Cir. 2001).  The Court is not required to accept ultimate conclusions that do not flow from the factual description of the case. *Id.,* 238 F.3d at 388, *citing* 5A C. Wright & A. Miller, FED. PRAC. & PROC.: CIVIL 2d §1357, at 319-20 (1990).  *See also Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994) ("In order to avoid dismissal for failure to state a claim ... a plaintiff must plead specific facts, not mere conclusory allegations. We will thus not accept as true conclusory allegations or unwarranted deductions of fact."); *Burgos v. Group & Pension Adm'rs, Inc.,* 286 F. Supp. 2d 812, 814-15 (S.D. Tex. 2003).

3.03    "Factual allegations must be enough to raise a right to relief above the speculative level, … [and not simply] create[] a suspicion [of] a legally cognizable right of action, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S. Ct. at 1965.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it "stops short of the

line between possibility and plausibility of 'entitlement to relief.'" *Id.*, *quoting Twombly*, 127 S. Ct. at 1955.

3.04    In evaluating a Complaint, Courts must undertake the "context-specific" task of evaluating whether the well pleaded allegations give rise to an entitlement of relief that is plausible, rather than merely possible or conceivable, with "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008), *quoting Twombly*, 550 U.S. at 556.

> "Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)).  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief."

*Iqbal*, 556 U.S. at 678-79, 129 S. Ct. at 1950, *quoting Twombly*, 550 U.S. at 555 & Fed. Rule Civ. Proc. 8(a)(2).

3.05    The plausibility standard concerns the factual allegations of a complaint. "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn

under the relevant legal theory." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995, *quoting* 3 C. WRIGHT & A. MILLER, FED. PRAC. & PROC.: CIVIL 2d § 1216, at 156-59). Thus, dismissal is proper if the complaint "lacks an allegation regarding a required element necessary to obtain relief." *Id., quoting* 2A MOORE'S FEDERAL PRACTICE ¶ 1207, at 12-91.

**B.**     **Limitations on the claims referenced through Torres' initial Charge of Discrimination has expired.**

3.06    Torres alleges the City violated her rights under the ADA when it discriminated against her on the basis of her disability, retaliated against her, refused to provide reasonable accommodations, and placed her on involuntary FMLA leave, all of which allegedly occurred prior to September 2017.  Plntf's Orig. Cmplt., Dkt No. 1, ¶¶ 6.3 – 6.12.   "[A] complaint may be subject to dismissal if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some issue for tolling." *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011), *cert. denied City of Arlington v. Frame*, 565 U.S. 1200, 132 S. Ct. 1561 (2012), *citing Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

3.07    Although Plaintiff may have timely filed her Charge of Discrimination with the EEOC, the ADA also requires that her claim be filed in district court within two years after her cause of action accrued.  *See Frame*, 657 F.3d at 237.  While Title I of the ADA required her to file her Charge within 300 days of the discriminatory act and suit within 90

days after receiving a right to sue letter (42 U.S.C.§§ 12117; 2000e-5(e) & (f)), "[f]ederal law does not provide a limitations period for claims under Title II of the ADA" for filing an action in federal court. *Holmes v. Tex. A&M Univ.*, 145 F.3d 681, 683 (5th Cir. 1998).

3.08    Instead, Title II adopted "the remedies, procedures, and rights set forth in the … Rehabilitation Act of 1973," which directs courts to apply state law statutes of limitations. *Id.*, at 684; 42 U.S.C. §12133.   The Fifth Circuit has "held that Texas's personal-injury limitations period applies to Rehabilitation Act claims in another context, and several … sister circuits have applied similar limitations periods to claims under both Title II and the Rehabilitation Act. This is because most discrimination claims involve 'injury to the individual rights of a person,' and thus are analogous to personal-injury tort claims." *Frame*, 657 F.3d at 237.  *See also* TEX. CIV. PRAC. & REM. CODE § 16.003(a) (providing a two year limitations period for personal injury claims in Texas); *Avila v. Cty. of Hidalgo*, No. 7:13-CV-17, 2014 U.S. Dist. LEXIS 188649, at *25 (S.D. Tex. Sep. 2, 2014), *adopted*, 2014 U.S. Dist. LEXIS 188653 (S.D. Tex. Sep. 29, 2014).  Torres therefore had two years from the day her cause of action accrued to file a claim against the City involving those actions.

3.09    Furthermore, while federal courts apply the limitations period from state law,

the particular accrual date of a federal cause of action is a matter of federal law. … [T]he rule is that accrual occurs when a plaintiff has "a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." In other words, accrual occurs "the moment the plaintiff becomes aware that [s]he has suffered an injury or has sufficient information to know that [s]he has been injured."

*Frame*, 657 F.3d at 238, *quoting Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 1095 (2007) & *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). "A plaintiff's awareness encompasses two elements: (1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). *See also Kelly v. Hines*, No. H-16-132, 2017 U.S. Dist. LEXIS 46286, 2017 WL 1164334, at *7 (S.D. Tex. Mar. 29, 2017).

3.10    Torres' claim therefore accrued when she alleges she first suffered discrimination, on or about October 24, 2016. Though she may also contend she suffered discrimination in the terms or conditions of her employment as a continuing violation by the City, she does not identify any allegedly discriminatory action by the City after September 2017 arising out of the facts referenced in her initial Charge of Discrimination. The discrete acts in her Complaint arising out of her initial Charge all allegedly occurred more than two years prior to her filing suit. *See* Plntf's Orig. Cmplt., Dkt No. 1, ¶¶ 6.4-6.12. The facts arising out of her second Charge only involved disciplinary reports by her new supervisor between June 2017 and August 2018 that led to her discharge on August 20, 2018. *Id.*, at ¶ 6.14.

3.11    "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." *AMTRAK v. Morgan*, 536 U.S. 101, 113, 122 S. Ct. 2061, 2072 (2002). Torres therefore "could not use a termination that fell within the limitations period to pull in the time-barred discriminatory act." *Id.*, 536 U.S. at 113, 122 S. Ct. at 2072. "[D]iscrete acts that fall within the statutory time period do not

make timely acts that fall outside the time period." *Id.*, 536 U.S. at 112, 122 S. Ct. at 2071.

"Mere continuity of employment, without more, is insufficient to prolong the life of a cause

of action for employment discrimination." *Id.*, 536 U.S. at 112-13, 122 S. Ct. at 2072,

*quoting Delaware State College* v. *Ricks,* 449 U.S. 250, 66 L. Ed. 2d 431, 101 S. Ct. 498

(1980).

3.12 "While [Torres] alleged that [s]he suffered from numerous discriminatory

and retaliatory acts from the date that [s]he was hired through … the date that [s]he was

fired, only incidents that took place within the timely filing period are actionable. *Id.*, 536

U.S. at 114, 122 S. Ct. at 2073. "Discrete actions, even if 'serial,' 'are not entitled to the

shelter of the continuing violation doctrine." *Doe v. United States*, 853 F.3d 792, 802 (5th

Cir. 2017), *quoting AMTRAK*, 536 U.S. at 114, 122 S. Ct. at 2072 & *Frank v. Xerox Corp.*,

347 F.3d 130, 136 (5th Cir. 2003).[1]

3.13 Torres' reference to the actions in her second Charge only alleged "increased

scrutiny" through four disciplinary reports between June 2017 and August 2018 and her

termination on August 20, 2018 for "difficulty following City policies." Those allegations

did not involve any continuing action by the City that was directly related to the actions

alleged in her initial Charge. Plntf's Orig. Cmplt., Dkt No. 1, ¶¶ 6.4-6.12. Her termination

was a distinct act, separate and apart from any prior alleged violations of the ADA. In

addition, Torres alleged no affirmative act of concealment, trick or contrivance of the City

to support tolling of limitations. *See Teamah v. Applied Materials, Inc.*, 715 F. App'x 343,

---

[1] Compare hostile work environment claims, which by their very nature involve repeated conduct.
*AMTRAK*, 536 U.S. at 115, 122 S. Ct. at 2073

347 (5th Cir. 2017); *Texas v. Allan Constr. Co.*, 851 F.2d 1526, 1528-29 (5th Cir. 1988). Because Torres did not file the present action until January 17, 2020, well over two years after the last act of discrimination arising from the facts alleged in her initial Charge, any alleged violations of the ADA prior to January 17, 2018 are now barred.

## IV.

## CONCLUSION

4.01    Because Torres failed to establish she timely filed suit for violations of the Americans with Disabilities Act that allegedly occurred prior to January 17, 2018, any alleged violations of the Act prior to that date are now time barred and should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant **CITY OF HIDALGO, TEXAS** would respectfully request that Plaintiff's alleged violations of the Americans with Disabilities Act occurring prior to January 17, 2018 be dismissed for failure to state a claim upon which relief can be granted, and that Defendant be granted such other and further relief to which it may show itself to be justly entitled, whether general or special, at law and in equity.

Respectfully submitted,

*/ s/ J. Arnold Aguilar*
J. Arnold Aguilar
Attorney-in-Charge
State Bar No. 00936270
Federal Adm. No. 6822
email: arnold@aguilarzabartellc.com

/ s / Francisco J. Zabarte

Francisco J. Zabarte
Of Counsel
State Bar No. 22235300
Federal Adm. No. 10747
email: frank@aguilarzabartellc.com

AGUILAR ★ ZABARTE, LLC
Of Counsel
990 Marine Drive
Brownsville, Texas  78520
(956) 504-1100
(956) 504-1408 (fax)

Attorneys for Defendants
**CITY OF HIDALGO, TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **DEFENDANT CITY OF HIDALGO, TEXAS' MOTION FOR PARTIAL DISMISSAL** will on this the 3rd day of February, 2020, be automatically accomplished through the Notice of Electronic Filing upon the following:

Lisa Y. Guerra
lguerra@trla.org
Kathryn J. Youker
kyouker@trla.org
TEXAS RIOGRANDE LEGAL AID, INC.
301 S. Texas Ave.
Mercedes, TX  78570

/ s / J. Arnold Aguilar

J. Arnold Aguilar